**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

FILED

05 MAR 23  PM 2:56

| | | |
|---|---|---|
| SHIRLEY TROTTER and ERNIE TROTTER, natural mother and father of RYAN TROTTER, Deceased,<br><br>       Plaintiff,<br><br>v.<br><br>B&W CARTAGE COMPANY, INC., an Illinois corporation,<br><br>       Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 05-CV-205-MJR |

## COMPLAINT

COMES NOW Plaintiffs, Shirley Trotter and Ernie Trotter, the natural mother and father of Ryan Trotter, deceased, by and through their attorneys, Mathis, Marifian, Richter & Grandy, Ltd., and for their Complaint against the Defendant, B&W Cartage Company, Inc., state as follows:

### PARTIES AND JURISDICTION

1.      At all times relevant herein, Plaintiff, Shirley Trotter, was and is a citizen and resident of the State of Missouri.

2.      At all times relevant herein, Plaintiff, Ernie Trotter, was and is a citizen and resident of the State of Missouri.

3.      At all times relevant herein, Plaintiffs' decedent, Ryan Trotter, was a citizen and resident of the State of Missouri.

4.      At all times relevant herein, Defendant, B&W Cartage Company, Inc. (hereinafter referred to as "B&W"), was and is an Illinois corporation and Interstate Motor Carrier authorized under the laws of the State of Illinois and applicable federal law, and

regularly doing business within the territorial jurisdiction of the United States District Court for the Southern District of Illinois.

5.     This is an action for wrongful death and the amount in controversy exceeds $75,000.

6.     Jurisdiction in this Court is appropriate under 28 USC § 1332.

## COUNT I
## (Wrongful Death)

7.     At the time of his death, Ryan Trotter was unmarried and had no children.

8.     Shirley Trotter is the natural mother of Ryan Trotter with the legal right and capacity to bring this action.

9.     Ernie Trotter is the natural father of Ryan Trotter with the legal right and capacity to bring this action.

10.     At all times relevant hereto, the Defendant, B & W, operated as a motor carrier engaged in interstate commerce.  As part of this business, the Defendant, B & W, owned, leased, operated or otherwise controlled a 1999 Kenworth tractor truck, VIN 1XKWDR9X7XR826910, bearing Illinois license plate number PS16056.

11.     On or about February 4, 2005, Defendant, B & W, by and through its agent, servant and/or employee, Jeffrey Wiegert (hereinafter "Wiegert") operated the above-described tractor truck in a generally westbound direction on U.S. Interstate Highway 44 at or near Cuba, Missouri, said roadway being an open and public divided highway running in a generally east/west direction.

12.     At all times relevant herein, Wiegert was acting in the course and scope of his employment and/or agency with Defendant, B & W.

13.     At or about the same time and place, Plaintiffs' decedent, Ryan Trotter, was operating a 2003 Nissan Sentra in a generally eastbound direction on U.S. Interstate Highway 44 at or near Cuba, Missouri.

14.     The Defendant, B & W, owed Plaintiffs' Decedent the highest degree of care in operating, maintaining, equipping and inspecting the tractor truck operated by Wiegert on the roadways in interstate commerce.

15.     The Defendant, B & W, by and through its agent, servant and/or employee, Wiegert, was careless and negligent in the operation, maintenance, equipment and inspection of the tractor truck, and breached its duty of care to the Plaintiffs' decedent, in one or more of the following respects:

(a)     Defendant carelessly and negligently operated the tractor truck in such a manner as to cause it to cross the grassy center median of the highway into the oncoming eastbound lanes of travel;

(b)     Defendant carelessly and negligently operated the tractor truck at an excessive speed that was dangerous under the circumstances then and there existing;

(c)     Defendant carelessly and negligently operated the tractor truck at an excessive rate of speed that was dangerous under the circumstances then and there existing, and above the speed limit posted on the Interstate Highway, said violations constituting *per se* negligence;

(d)     Defendant carelessly and negligently permitted, ratified, encouraged and/or authorized its driver, Weigert, to operate the tractor truck in excess of the number of hours permitted under applicable law, including, but not limited to, 49 CFR 395;

(e)     Defendant carelessly and negligently operated the tractor truck on the wrong side of the road, said violation constituting *per se* negligence;

(f)     Defendant carelessly and negligently failed to maintain control of its tractor truck;

(g)     Defendant carelessly and negligently permitted and/or failed to prohibit its driver, Wiegert, from operating the tractor truck when the Defendant

knew, or should have known, that the driver's ability or alertness was impaired or likely to become impaired due to fatigue, illness or other causes so as to make it unsafe to continue to operate such commercial motor vehicle in violation of applicable law including, but not limited to, 44CFR§392.3;

(h)     Defendant carelessly and negligently failed to stop, swerve, slacken speed and/or sound a warning or take other action to avoid a collision with the Plaintiffs' decedent's vehicle at a time when the Defendant knew, or should have known, that there was a reasonable likelihood of collision with the said vehicle;

(i)     Defendant carelessly and negligently failed to keep a careful and vigilant lookout for vehicles traveling in the eastbound lane of Interstate 44, including the Plaintiffs' decedent, at time when the Defendant knew, or should have known, that the Plaintiffs' decedent was then and there traveling;

(j)     Defendant failed to operate its tractor trailer as nearly as practicable entirely within a single lane, in violation of applicable law;

(k)     Defendant carelessly and negligently failed to otherwise operate its tractor truck in a careful and prudent manner so as not to endanger the property, life or limb of any person, including the Plaintiffs' decedent, in violation of applicable law;

(l)     Defendant carelessly and negligently failed to otherwise exercise the highest degree of care in operating its tractor truck, in violation of applicable state and federal law.

16.     As a direct and proximate result of one or more of the foregoing negligent acts or omissions of the Defendant, and in consequence thereof, Defendant's vehicle crossed the grassy center median of the divided interstate highway and into the oncoming eastbound lanes of travel, thereby suddenly and violently striking the Plaintiffs' decedent's vehicle and causing it to become pinned beneath the Defendant's tractor truck in such a manner that the Plaintiffs' Decedent was unable to escape or extricate himself therefrom before the tractor truck exploded and burst into flames, causing Plaintiffs' Decedent to

suffer serious, severe, horrendous and painful personal injuries which ultimately resulted in his death.

17.     As a direct and proximate result of one or more of the foregoing negligent acts or omissions of the Defendant, and in consequence thereof, Plaintiffs have sustained damages and have suffered great losses of a personal and a pecuniary nature, including loss of companionship and society, thereby subjecting Defendant to liability pursuant to the Wrongful Death Act.

18.     That further, and as a direct and proximate result of one or more of the foregoing negligent acts or omissions of the Defendant, and in consequence thereof, Defendant, B & W, acted with reckless and conscious disregard for the life, safety, or rights of those persons lawfully on the highway, including the Plaintiffs' Decedent, Ryan Trotter.

19.     The conduct of Defendant, B & W, and its agents, servants and employees, including Weigert, was willful and wanton and in reckless disregard of the rights of others, including Ryan Trotter, and justifies the imposition of punitive damages to deter Defendant and others similarly situated.

WHEREFORE, Plaintiffs, Shirley Trotter and Ernie Trotter, respectfully request that judgment be entered in favor of the Plaintiffs and against the Defendant, including an award of punitive damages, actual and punitive damages, in an amount substantially in excess of $75,000.00, together with costs expended herein.

MATHIS, MARIFIAN, RICHTER & GRANDY, LTD.

By _____

William J. Niehoff, #6197656
Mark S. Schuver, #6270172
23 Public Square, Suite 300
P.O. Box 307
Belleville, Illinois 62222-0307
(618) 234-9800 Phone
(618) 234-9786 Fax