IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **SHIRLEY TROTTER and** <br> **ERNIE TROTTER, parents of** <br> **RYAN TROTTER, deceased,** <br><br> **Plaintiffs,** <br><br> vs. <br><br> **B & W CARTAGE COMPANY, INC.,** <br><br> **Defendant.** | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 05-cv-0205-MJR <br> ) <br> ) <br> ) <br> ) |

### MEMORANDUM and ORDER

REAGAN, District Judge:

Two months ago, Shirley and Ernie Trotter filed a wrongful death suit in this Court against B & W Cartage Company, Inc. ("BWC"). The Trotters, parents of Ryan Trotter (deceased), claim that Ryan's death resulted from the negligent acts and omissions of BWC employee Jeffrey Wiegert. The Trotters contend that Wiegert's careless operation of a vehicle caused a collision on February 4, 2005 near Cuba, Missouri. More specifically, the Trotters allege that Wiegert's tractor-trailer crossed a median divider on Highway 44, careened into oncoming traffic in the eastbound lanes, and violently struck Ryan's Nissan Sentra, pinning the Sentra under the tractor-trailer and leaving Ryan unable to extricate himself before the vehicles burst into flames. Ryan thereby sustained severe, "horrendous" personal injuries which ultimately took his life (Doc. 1, ¶ 16).

In their complaint filed in this Court, the Trotters assert subject matter jurisdiction under the diversity statute, **28 U.S.C. § 1332**. "A litigant may invoke diversity jurisdiction in federal court when all parties are citizens of different states and the amount in controversy exceeds $75,000." *Tropp v. Western-Southern Life Ins. Co.*, 381 F.3d 591, 595 (7th Cir. 2004).

In a May 6, 2005 Order, this Court found that the amount in controversy sufficed. An affidavit filed by BWC four days later allowed the Court to determine that complete diversity exists between the parties.  *See* **Doc. 9.**  Defendant BWC is a citizen of Illinois and Michigan, and Plaintiffs are Missouri citizens.  *See* **Doc. 1 at ¶ 3; 28 U.S.C. § 1332(c)(2)(for purposes of determining diversity, the legal representative of an estate shall be deemed a citizen only of the same state as the decedent).**

Now pending before the Court is BWC's motion to dismiss and/or strike, to which Plaintiffs responded on May 19, 2005.  BWC points to language in the complaint (Doc. 1 at ¶¶18-19 and "wherefore" clause) that alleges reckless disregard and willful wanton conduct, presumably in an attempt to support an award of punitive damages.  BWC maintains that punitive damages can neither be claimed nor recovered in an action under the Illinois Wrongful Death Act, **740 ILCS 180/1,** *et seq.*, or the Illinois Survival Act, **755 ILCS 5/27-6.**

Illinois law plainly holds that punitive damages may not be recovered in wrongful death or survival actions.  This principle was established in a line of cases stemming from *Mattyasovszky v. West Towns Bus Co.*, **330 N.E.2d 509, 512 (Ill. 1975).**

The Illinois Supreme Court explained that seminal decision in *Froud v. Celotex Corp.*, **456 N.E.2d 131, 134 (Ill. 1983):** Where a death gives rise to two statutory actions, "one permitting recovery of damages by the decedent's estate under the Survival Act and the other recovery by the next of kin under the Wrongful Death Act, this court refused to impose, in addition, a common law exaction against the defendant, under the label of exemplary damages, which becomes a windfall for the plaintiff." *See also Van Winkle v. Owens-Corning Fiberglas Corp.,* **683 N.E.2d 985 (Ill. App. 1997)("Illinois law is clear that punitive damages are not recoverable**

under the Survival Act ... or the Wrongful Death Act"); *Haist v. Wu*, 601 N.E.2d 927, 937 (Ill. App. 1992)("The fact that common law plaintiffs are treated differently from wrongful death beneficiaries has repeatedly withstood equal protection challenges.").

In the case at bar, Plaintiffs do not challenge this proposition but rather insist that this Court must apply *Missouri* (not Illinois) law to determine the availability of punitive damages.

Clearly, a federal court sitting in diversity jurisdiction must apply the substantive law of the state in which it sits. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938); *Jean v. Dugan*, 20 F.3d 255, 260 (7th Cir.1994). The Erie doctrine extends to choice-of-law principles and requires the court to apply the conflicts rules of the forum state. *Land v. Yamaha Motor Corp.*, 272 F.3d 514, 516 (7th Cir. 2001), *citing Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496-97 (1941). Thus, this Court must apply the substantive law of Illinois (the state in which this Court sits), including Illinois' "conflict of laws" rules.

The Illinois Supreme Court uses the "most significant relationship" test to choose the applicable law in tort cases. *Fredrick v. Simmons Airlines, Inc.*, 144 F.3d 500, 503-04 (7th Cir. 1998). *See also Ruiz v. Blentech Corp.*, 89 F.3d 320, 323-24 (7th Cir. 1996), *cert. denied*, 519 U.S. 1077 (1997).

In practice, this means "the law of the place of injury controls *unless* Illinois has a more significant relationship with the occurrence and with the parties." *Fredrick*, 144 F.3d at 503-04 (emphasis added). This Court must decide whether Illinois has the most significant relationship by examining the following factors: (1) the place of the injury, (2) the place where the injury-causing conduct occurred, (3) the domicile of the parties, and (4) the place where the relationship between the parties is centered. *Id.*

Stated another way, a federal district court sitting in Illinois must conform to Illinois' choice-of-law rules, which are grounded in the Restatement (Second) of Conflicts of Law. "These rules require that the court employ the substantive law of the state with the most significant relationship to the tort at issue." ***Suzik v. Sea-Land Corp.*, 89 F.3d 345, 348 (7th Cir. 1996),** *citing* ***Ingersoll v. Klein*, 262 N.E.2d 593, 595 (Ill. 1970).**

Thus, the question now before this Court is which state has the most significant relationship to the torts alleged by Plaintiffs in this suit, bearing in mind that, "in the absence of unusual circumstances, the highest scorer on the 'most significant relationship' test is the place where the tort occurred." ***Spinozzi v. ITT Sheraton Corp.*, 174 F.3d 842, 844 (7th Cir. 1999).**

Careful assessment of the factors cited above leads to the conclusion that Missouri has the most significant relationship to the torts alleged herein and, therefore, Missouri law governs the availability of punitive damages. Missouri is the place of injury. Missouri is the place where the the injury-causing conduct occurred (*i.e.*, where Wiegert is alleged to have operated the truck carelessly, at an excessive speed, on the wrong side of the highway, and in excess of the permissible number of hours of operation). Missouri is the state of domicile of Plaintiffs and the place where the "relationship" (if any) between the parties is centered.

Because this Court cannot conclude that Illinois has a more significant relationship with the occurrence/parties than does the place of injury, the law of the place of injury (Missouri) controls this issue. ***Ingersoll*, 262 N.E.2d at 595.**

Missouri law permits the recovery of punitive damages in certain wrongful death actions. *See* ***Robinson v. Missouri State Hwy and Transp. Com'n,* 24 S.W.3d 67, 81 (Mo. App. 2000)("Under Missouri law, in wrongful death actions, damages for aggravating**

**circumstances, which are the 'equivalent of punitive damages,' are recoverable.").** *See also* **V.A.M.S. § 537.090;** *Call v. Heard***, 925 S.W.2d 840, 849 (Mo. 1996)(punitive damages may be awarded in Missouri wrongful death suit if defendant showed complete indifference to or conscious disregard for the safety of others),** *cert. denied***, 519 U.S. 1093 (1997);** *Betts-Lucas v. Hartmann,* **87 S.W.3d 310, 326 (Mo. App. 2002)(punitive damages only allowable for "aggravating circumstances" in a wrongful death action);** *Henderson v. Fields***, 68 S.W.3d 455, 486 (Mo. App. 2001)("Damages awarded for aggravating circumstances in wrongful death cases are punitive in nature....").**

In both their complaint and their memorandum opposing BWC's motion to dismiss, Plaintiffs identify certain facts which potentially could constitute "aggravating circumstances" under Missouri law, so as to support a request for punitive damages. Nowhere does the complaint reference or cite the *Illinois* wrongful death or survival statutes specifically. That fact buttresses Plaintiffs' argument that BWC incorrectly assumes "that this claim is based on the Illinois Wrongful Death Act and the Illinois Survival Act" (Doc. 11, p. 4).

Missouri is the state with the most significant relationship to the torts alleged by Plaintiffs. Missouri law thus governs the availability of punitive damages. And Missouri law permits the recovery of such damages in certain wrongful death suits. For all these reasons, the Court **DENIES** BWC's motion to dismiss or strike (Doc. 4).

**IT IS SO ORDERED.**

**DATED this 26th day of May, 2005.**

                                        **s/ Michael J. Reagan**
                                        **MICHAEL J. REAGAN**
                                        **United States District Judge**