IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **SHIRLEY TROTTER and** <br> **ERNIE TROTTER, parents of** <br> **RYAN TROTTER, deceased,** <br><br> **Plaintiffs,** <br><br> vs. <br><br> **B & W CARTAGE COMPANY, INC.,** <br><br> **Defendant.** | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 05-cv-0205-MJR <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM and ORDER**

REAGAN, District Judge:

   Shirley and Ernie Trotter filed a wrongful death suit in this Court against B & W Cartage Company, Inc. ("BWC"), claiming that their son Ryan's death proximately resulted from the negligence of BWC employee Jeffrey Wiegert. Specifically, the Trotters alleged that Wiegert's careless operation of a tractor-trailer caused a collision on February 4, 2005 near Cuba, Missouri, after which Ryan – unable to extricate himself from his vehicle (trapped beneath Wiegert's tractor-trailer) – sustained severe burns and injuries which ultimately caused his death.

   Subject matter jurisdiction lies under **28 U.S.C. § 1332**.

   On May 26, 2005, the Court denied BWC's motion to dismiss and/or strike all claims for punitive damages. BWC had argued that such damages could not be recovered in an action based on the Illinois Wrongful Death Act or the Illinois Survival Act. The Court agreed with that proposition but found that *Missouri* law governs the availability of punitive damages here, since Missouri is the state with the most significant relationship to the alleged torts.

   In so concluding, the Court noted that Missouri is the site of the accident, the place

of injury, the place where Ryan Trotter lived, the place where Plaintiffs (Ryan's parents) live, and the domicile of Defendant Wiegert as well. Missouri law allows the recovery of punitive damages in certain wrongful death suits, so the Court denied BWC's motion to dismiss/strike.

On May 28, 2005, via "Motion to Rehear" (Doc. 14), BWC moved this Court to reconsider its denial of the motion to dismiss/strike. In urging reconsideration, BWC argues for the application of Illinois law, primarily because BWC is an Illinois corporation. BWC also protests that, even if Missouri law governs, the Court should strike the reference to punitive damages from Plaintiffs' complaint, because (Doc. 14, p. 3):

> While Missouri equates, under its case law, punitive damages to allowing the jury to consider aggravating circumstances when considering the amount of compensatory damages, it does not allow a separate instruction for them in wrongful death cases.

The Court emphasizes that neither the May 26th Order nor this Order decides what instructions will be given, should this case proceed to trial. What was before the Court last month was a motion to dismiss or strike. That motion properly was denied.

BWC has presented no basis to modify or vacate that Order and no grounds upon which reconsideration is warranted. **See, e.g., Publishers Resource, Inc. v. Walker-Davis Publications, Inc., 762 F.2d 557, 561 (7th Cir. 1985)(Rule 59(e) motions serve a limited function: "to correct manifest errors of law or fact or to present newly discovered evidence."); Caisse Nationale de Credit Agricole v. CBI Industries, Inc., 90 F.3d 1264, 1270 (7th Cir. 1996)("Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion."); Bally Export Corp. v. Balicar Ltd., 804 F.2d 398, 404 (7th Cir. 1986)(motion to reconsider is not appropriate vehicle to introduce new legal theories).**

For all these reasons, the Court **DENIES** BWC's May 28, 2005 motion to rehear and reconsider (Doc. 14).

**IT IS SO ORDERED.**

**DATED this 21st day of June, 2005.**

>                       s/ Michael J. Reagan
> **MICHAEL J. REAGAN
> United States District Judge**