IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHIRLEY TROTTER and ERNIE TROTTER, parents of RYAN TROTTER, deceased, | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. 05-cv-0205-MJR ) |
| B & W CARTAGE COMPANY, INC., | ) ) |
| Defendant. | ) |

**MEMORANDUM and ORDER**

REAGAN, District Judge:

In this wrongful death lawsuit against B & W Cartage Company, Inc. ("BWC"), Shirley and Ernie Trotter claim that the negligence of a BWC employee (Jeffrey Wiegert) cost their son, Ryan Trotter, his life. Specifically, the Trotters alleged that Wiegert's careless operation of a tractor-trailer caused a February 2005 collision in which Ryan sustained severe burns and injuries from which he ultimately died.

Subject matter jurisdiction lies under **28 U.S.C. § 1332**. The deadline for filing dispositive motions has passed. The final pretrial conference will be held on June 16, 2006. Jury trial will commence on June 26, 2006. Now before the Court is BWC's motion seeking reconsideration of an April 13, 2006 ruling. On that date, the undersigned Judge issued an electronic Order (Doc. 90) granting Plaintiffs' motion to bar the testimony of defense expert Fred Semke. The Order noted that the reasons supporting the ruling would be explained "on the record the first day of trial" (*id.*).

On April 27, 2006, BSC moved the Court to reconsider that ruling (*see* Doc. 99).

Plaintiffs' counsel opposes reconsideration (*see* Doc. 108). The parties dispute the breadth of the Court's ruling, *i.e.*, whether the undersigned Judge barred Semke's testimony in its entirety or simply barred Semke from testifying as to one of three conclusions contained in his January 3, 2006 report. BWC's counsel maintains that the Court *meant* to bar only Semke's testimony regarding the reliability of the Qualcomm satellite tracking data, not Semke's opinions regarding "the scheduling deadlines that Mr. Weigert was under at the time of the accident" (Doc. 99, p .3). Plaintiffs' counsel counters that Semke's testimony has been barred completely. Plaintiffs' counsel stresses that (a) the testimony regarding Weigert's deadlines amounts to "nothing more than a recitation of the deposition testimony of a lay witness," and (b) the testimony BWC seeks to introduce is based on a "patent misunderstanding ... of the law which imposes a clear and specific duty on the Defendant motor carrier," which an expert should not be permitted to contradict (Doc. 108, p. 7).

The Court has not yet articulated its reasons for barring Semke's testimony, so it is difficult to divide the April 13th ruling into discrete sections that neatly apply to specific individual areas of testimony which Semke might possibly offer.

However, this much is clear. Plaintiffs' motion (Doc. 50) was far-reaching in scope. Plaintiffs sought to bar Semke's opinions regarding the "capabilities of the Qualcomm system," Semke's conclusion "that the truck remained stationary and ... the satellite system falsely reported movement," Semke's opinion as to "the sensitivity of [the Qualcomm system's] location reports," Semke's opinion regarding whether the Qualcomm satellite signal could defract, and Semke's opinion regarding Weigert's compliance with hours of Hours of Service ("HOS") regulations. *See* Doc. 50, ¶¶ 12- 17.

Put simply, Plaintiffs' motion broadly asked the Court to issue an Order "barring the **testimony** of Fred Semke at trial" (Doc. 50, p. 4, emphasis added). The Court granted that motion and will spell out the supporting Daubert analysis on the record prior to the commencement of trial. In the meantime, BWC presents no basis to vacate the Order and no ground upon which reconsideration is proper. ***See, e.g., Publishers Resource, Inc. v. Walker-Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985)(Rule 59(e) motions serve a limited function: "to correct manifest errors of law or fact or to present newly discovered evidence.").**

Therefore, the Court **DENIES** BWC's April 27, 2006 motion to reconsider (Doc. 99). Counsel are reminded that they must present a joint, signed Final Pretrial Order at the June 16 final pretrial conference. Proposed jury instructions (with each clean copy paper-clipped *behind* the corresponding marked copy) are due at 9:00 a.m. on day one of trial.

**IT IS SO ORDERED.**

**DATED this 15th day of May 2006.**

s/ Michael J. Reagan
**MICHAEL J. REAGAN
United States District Judge**